NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ISPEC, INC., | : | Hon. Faith S. Hochberg, U.S.D.J. |
| Plaintiff, | : | Civil Case No. 12-4339 (FSH) |
| v. | : | **OPINION & ORDER** |
| TEX R.L. INDUSTRIAL CO., LTD. et al, | : | Date: September 27, 2013 |
| Defendants. | : |  |

**HOCHBERG, District Judge:**

This matter comes before the Court upon the motion to dismiss for lack of jurisdiction by Sun Capital Partners, Inc. [Dkt. No. 34], the motion to dismiss for lack of jurisdiction by Albea Services S.A.S. [Dkt. No. 44], and the motion for default judgment by Ispec, Inc. as to Tex. R.L. [Dkt No. 50]. Ispec opposes the motion to dismiss by Albea Services, but does not oppose the motion to dismiss by Sun Capital. The Court reviews the motions pursuant to Federal Rule of Civil Procedure 78.

**I.   Background**

Plaintiff, Ispec, Inc. ("Ispec") brought suit against a number of defendants in New Jersey Superior Court. The case was removed to this Court, and Plaintiff thereafter filed a First Amended Complaint naming as Defendants Tex R.L. Industrial Co., Ltd. ("Tex. R.L."), Zhongshan Meiquan Plastic Products Co., Ltd. ("ZMPP"), George Chen, Albea Group, Sun

Capital Partners, Inc. ("Sun Capital"), Albea Services S.A.S. ("Albea Services"), and Twist Beauty Packaging Holding Hong Kong Ltd. ("Twist Beauty").[1]

Plaintiff alleges that in 2009 it entered into a contract with Tex R.L. and ZMPP. (Am. Compl. ¶ 27). George Chen is allegedly the president or general manager of Tex. R.L. and ZMPP. (*Id.*, ¶ 7). Ispec claims that it agreed to act as a sales representative on commission for Tex R.L. and ZMPP's products. (*Id.*, ¶¶ 29-30). According to Ispec, Tex. R.L. or George Chen paid it commissions until April 2012, when it ceased paying commissions. That same month, Plaintiff alleges, Albea announced the acquisition of ZMPP from Tex R.L. (*Id.*, ¶ 35). According to Plaintiff, around the time of the acquisition, it received a termination notice from George Chen, and an offer to pay about 25% of its unpaid commissions if it signed the termination agreement. (*Id.*, ¶ 34, 38). This suit then followed. The Complaint alleges violations of the New Jersey Sales Representatives Rights' Act, *N.J.S.A.* 2A:61A-1, *et seq.*, and several common law causes of action.

After the suit was removed to this Court, Sun Capital moved for leave to file a motion to dismiss for lack of personal jurisdiction. Pursuant to an order by then Magistrate Judge Shwartz, the parties engaged in limited jurisdictional discovery with respect to personal jurisdiction. During discovery, defendants produced, *inter alia*, a Stock Purchase Agreement ("SPA") that provides for the purchase of ZMPP stock from George Chen and others as sellers to Twist Beauty as a buyer. Tex R.L. was described by the SPA as a "Seller Affiliate." The SPA also notes the Ispec sales representative agreement. It provides that Chen and Tex. R.L. are to terminate that agreement, and Chen is to indemnify Twist Beauty and ZMPP. [Dkt. No. 34-1 ¶¶

---

[1] Plaintiff also named Thierry Rabu and Sun European Partners LLP as defendants, but those defendants were subsequently dismissed from this case. [Dkt. No. 56]. Albea Americas was also originally named as a defendant, and was also dismissed. [Dkt No. 35].

6-8]. Neither Sun Capital nor Albea Services is a party to the SPA. Both Sun Capital and Albea Services have now moved to dismiss for lack of personal jurisdiction.

## II.     Standard of Review

A federal court sitting in diversity may assert personal jurisdiction over a nonresident only to the extent authorized by the state in which the court sits. Fed. R. Civ. P. 4(k); *D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009). Under New Jersey Court Rule 4:4-4, a court is permitted to assert personal jurisdiction over nonresidents "to the extent permitted by the Due Process Clause of the Fourteenth Amendment." *Control Screening LLC v. Tech. Application & Prod. Co.*, 687 F.3d 163, 167 (3d Cir. 2012). Under the Due Process Clause, for a court to exercise personal jurisdiction, the plaintiff must demonstrate that the defendant has "minimum contacts" with the forum. The court must also determine that exercising jurisdiction comports with notions of "fair play and substantial justice." *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945).

There are two types of personal jurisdiction: general jurisdiction and specific jurisdiction. General jurisdiction exists when a corporation's contacts with a forum state "are so continuous and systematic as to render them essentially at home in [that state]." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011) (internal quotation marks omitted). By contrast, "specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Id.* (internal quotation marks and citation omitted). An assertion of specific jurisdiction is appropriate only if the defendant purposefully directed its activities at the forum state, and the litigation arises out of or relates to those activities. *O'Connor v. Sandy Lane Hotel Co*., 496 F.3d 312, 317 (3d Cir. 2007). If these two factors are met, "courts may consider additional factors to ensure that the assertion of

3

jurisdiction otherwise comports with fair play and substantial justice." *Kehm Oil Co. v. Texaco, Inc.,* 537 F.3d 290, 300 (3d Cir. 2008) (quotation and citation omitted).

Once the defendant raises the issue of personal jurisdiction, the plaintiff bears the burden of proving facts sufficient to establish jurisdiction. *Carteret Sav. Bank, FA v. Shushan,* 954 F.2d 141, 146 (3d Cir. 1992). The plaintiff must establish "with reasonable particularity sufficient contacts between the defendant and the forum state." *Mellon Bank v. Farino,* 960 F.2d 1217, 1223 (3d Cir. 1992) (quotation omitted).

### I. The Motion to Dismiss by Albea Services

Albea Services has moved to dismiss for lack of personal jurisdiction. Plaintiff alleges this Court has general jurisdiction over Albea Services, and opposes dismissal.[2]

Albea Services is a French corporation, and has its sole location in France. The undisputed evidence in the record shows that Albea Services does not have an office or bank account in New Jersey, pay any taxes in New Jersey, have a registered agent in New Jersey, solicit or advertise in New Jersey, derive substantial revenue or benefit from goods consumed or used in New Jersey, or maintain or employ any agents in New Jersey. It is part of a global business branded "Albea" that manufactures and sells beauty packaging products such as tubes and packaging for lipsticks and mascara. It is neither the parent nor subsidiary of any of the other defendants in this case. [Dkt. No. 44-3]. It is not a signatory of the sales representative contract with Plaintiff. It also did not sign the SPA. [Dkt. No. 44-1].

---

[2] Ispec does not assert that this Court has specific jurisdiction over Albea Services. It has therefore waived that argument. Even if it had asserted that the Court has specific jurisdiction, it has not made any allegations or provided any evidence that Albea Services purposefully directed its activities at this forum. *O'Connor*, 496 F.3d at 317. Ispec's claims relate to the signing of a contract to which Albea Services undisputedly was not a party.

4

Plaintiff nevertheless alleges that this Court has general jurisdiction over Albea Services because that company maintains an agency relationship with Albea Americas, Inc. ("Albea Americas"), which operates a manufacturing plant in Washington, New Jersey. Albea Services and Albea Americas are two separate corporate entities. [Dkt. No. 44-3]. Albea Services has also provided an affidavit from the plant manager in Washington, NJ, that he reports to a general manager for Albea Americas in Tennessee, and has very little contact with personnel from Albea Services in France. [Dkt. No. 44-4]. The plant manager avers that personnel from Albea Services do not exercise oversight over the running of the plant in Washington, New Jersey. These averrals are unrebutted, despite ample time to take jurisdictional discovery.

When determining whether a relationship between two companies gives rise to general jurisdiction, the Court "must respect the distinct corporate identities of these entities, unless there is sufficient evidence to demonstrate that [one] was acting as an agent or 'alter ego' of [the other]." *Fisher v. Teva PFC*, No. 04-CV-2780, 2005 U.S. Dist. LEXIS 18134, at *9 (D.N.J. Aug. 16, 2005) (citing *Seltzer v. I.C. Optics, Ltd.*, 339 F. Supp. 2d 601, 609 (3d Cir. 2004)).[3] Even after jurisdictional discovery, the only evidence Plaintiff has provided to show the purported principle-agent relationship between Albea Services and Albea Americas are print-outs from a website named "www.albea-group.com." Ispec relies on an organizational chart and other information taken from that website to support its claim. As the Third Circuit has noted, "a company's website is a marketing tool. Often, marketing material is full of imprecise puffery that no one should take at face value." *Victaulic Co. v. Tieman*, 499 F.3d 227, 236 (3d Cir. 2007). This website does not provide evidence of the actual relationship among the various

---

[3] In *Seltzer*, the Third Circuit observed that "[i]n the corporate context, courts have said that the subsidiary may be acting as an agent of the parent, and thereby able to subject the parent to personal jurisdiction in the forum, if the subsidiary is doing business in the forum that would otherwise have to be done in the forum by the parent." 339 F. Supp. 2d 609.

Albea-branded companies. Ispec has provided no convincing evidence of an agency relationship between Albea Services and Albea Americas.

Ispec also argues that this Court may exercise general jurisdiction over Albea Services because the "www.albea-group.com" website is accessible in New Jersey, and there is an advertisement for employment at the Albea group of companies on that website. "A passive Web site that does little more than make information available to those who are interested in it is not grounds for the exercise personal jurisdiction." *Zippo Mfg. Co. v. Zippo DOT Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997).[4] This passive website with the Albea brand also does not permit this Court to exercise general jurisdiction over Albea Services.

The parties had the opportunity to conduct jurisdictional discovery. After such discovery, Plaintiff has not presented any evidence to this Court that Albea Services is "essentially at home" in New Jersey. It has not met its burden of proving facts sufficient to establish personal jurisdiction over Albea Services. The Court will dismiss Albea Services.

Finally, Plaintiff also names "Albea Group" as a defendant in this case. The General Counsel of the Albea-brand companies has averred that no such entity exists, and Ispec has not brought any evidence to demonstrate its existence. "Albea Group" will also be dismissed from this case.[5]

---

[4] *See also Toys "R" Us v. Step Two, S.A.,* 318 F.3d 446, 452 (3d Cir. 2003) (recognizing *Zippo*, 952 F. Supp. 1119, as a "seminal authority" on personal jurisdiction based upon websites).

[5] Sun Capital has also filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. Plaintiff filed no response to the motion. This Court then entered an order directing Plaintiff to file a response or the motion would be considered unopposed. [Dkt. No. 48]. Plaintiff did not respond, even after such notice from this Court, and this motion to dismiss is therefore unopposed. *See, e.g., Green v. Essex County Superior Court Clerk*, No. 02-1872, 2006 U.S. Dist. LEXIS 22151, 2006 WL 932055, at *1, n.1 (D.N.J. April 6, 2006) ("Plaintiff did not respond to Defendant's motion; consequently, the Court

### III. Motion for Default Judgment by Ispec

Lastly, Plaintiff has moved for judgment of default to be entered against Tex. R.L. pursuant to Federal Rule of Civil Procedure 55. As discussed above, Plaintiff filed the instant action against Defendants seeking funds owed to Plaintiff. The Clerk of the Court entered default against Defendant Tex R.L. Plaintiff has provided Tex R.L. with written notice of its motion for default judgment, and Tex R.L. has failed to respond to the motion and the time for such response has elapsed. Plaintiff seeks a judgment in accordance with *N.J.S.A.* 2A:61A-3.[6] Under the terms of that statute, Plaintiff seeks $265,456.50 for unpaid commissions multiplied by three pursuant to *N.J.S.A* 2A:61A-3(a). Plaintiff also seeks attorneys' fees in the amount of $16,155.00 pursuant to that statute. Those claims are supported by affidavits and documentary evidence, and default judgment will be entered thereon. However, Plaintiff also seeks $974,495.20 for future loss of profit for ten years. Plaintiff has provided no evidence to support its claim that it is entitled to ten years of lost profits other than a spreadsheet of its past profits with a handwritten note stating the average of its past profits. Accordingly, default judgment will not be entered on Plaintiff's lost profits claim.

---

will review the motion as unopposed."). Clearly, Plaintiff has chosen not to oppose this motion. Sun Capital is a Florida corporation with its principal place of business in Florida. It has no office, bank accounts, agents, employees, property, or subsidiaries in New Jersey. It does not pay taxes in New Jersey, solicit business in New Jersey, or derive substantial benefit from goods, materials, or services used in New Jersey. [Dkt. No. 34-2]. There has been nothing shown from the jurisdictional discovery from which this Court could conclude Sun Capital has "minimum contacts" with New Jersey. Plaintiff has not met its burden of showing facts sufficient to establish jurisdiction over Sun Capital. Sun Capital will also be dismissed.

[6] That statute provides: "A principal who violates or fails to comply with the provisions of . . . this act shall be liable to the sales representative for all amounts due the sales representative, exemplary damages in an amount of three times the amount of commissions owed to the sales representative and all attorney's fees actually and reasonably incurred by the sales representative in the action and court costs."

**Conclusion and Order**

For the reasons stated above,

**IT IS** on this 27th day of September, 2013,

**ORDERED** that the unopposed motion to dismiss by Sun Capital Partners, Inc. [Dkt. No. 34] is **GRANTED**, and the complaint is **DISMISSED** as to that party; and it is further

**ORDERED** that the motion to dismiss by Albea Services, S.A.S. [Dkt. No. 44] is **GRANTED**, and the complaint is **DISMISSED** as to that party; and it is further

**ORDERED** that "Albea Group" is **DISMISSED** from this case; and it is further

**ORDERED** that the motion for default judgment by Ispec, Inc. [Dkt. No. 50], is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff is **GRANTED DEFAULT JUDGMENT** as to $265,456.50 for unpaid commissions and attorney's fees in the amount of $16,155.00. However, Plaintiff's motion for $974,495.20 for future loss of profit is **DENIED**.

                                                              s/ Faith S. Hochberg _____
                                                              Hon. Faith S. Hochberg, U.S.D.J.