NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ISPEC, INC., | : |
| Plaintiff, | : Civil Case No.: 12-4339 |
| v. | : **OPINION & ORDER** |
| TEX R.L. INDUSTRIAL, INC., et al., | : Date: August 20, 2014 |
| Defendants. | : |

**HOCHBERG, District Judge:**

This matter comes before the Court upon Defendant Tex R.L. Industrial, Inc.'s ("Tex R.L.") Motion to Vacate Default Judgment pursuant to Federal Rule of Civil Procedure 55(c). (Dkt. No. 66); and Plaintiff ISPEC's Motion to Vacate Magistrate Judge Clark's Order denying an extension of time to serve Defendant Zhongshan Meiquan Plastic Products ("ZMPP"). The Court has reviewed the submissions of the parties and considers the motions pursuant to Federal Rule of Civil Procedure 78.

**I.      BACKGROUND**

Plaintiff ISPEC asserts that Defendant Tex R.L. entered into a 2009 contract that authorized ISPEC to sell perfume and make-up packaging products designed and manufactured by Defendants Tex R.L. and ZMPP. The April 21, 2009, contract allegedly provided that Plaintiff would receive an 8% commission for any sales. (Am. Compl. ¶ 29). Although the contract was set to expire on April 20, 2010, Plaintiff alleges that a handwritten clause extended

1

the contract—and Plaintiff's right to commissions—"indefinitely and permanently." (*Id.*). Defendants allegedly continued paying Plaintiff after the April 2010 date, but in April 2012 Defendant Tex R.L. sent a letter purportedly terminating the agreement and ceased paying commissions.

ISPEC filed an action in New Jersey Superior Court, Law Division, Bergen County, against Tex R.L., ZMPP, and several other Defendants on June 12, 2012. ISPEC sought a temporary restraining order freezing Defendants' assets so that it could recover for alleged uncompensated sales. The Superior Court denied the application based on Plaintiff ISPEC's failure to submit briefing. The action was removed to this Court on July 12, 2012, by Defendant Sun Capital Partners, Inc.

Plaintiff asserts that it properly served Defendant Tex R.L. by mailing a copy of the Summons and Complaint via FedEx to Tex R.L.'s Taiwan headquarters on June 22, 2013, and by emailing Defendant's counsel these same documents. Plaintiff further alleges that it effected service upon an employee of Defendant: "On December 13, 2012, the Summons and Amended Complaint was duly served by a local processor" upon an unidentified "female employee of the [Defendant] company . . . in Taipei City 106, Taiwan." (Dkt. No. 42). Plaintiff states that, "[o]n January 17, 2013 at pm 14:40[,] I returned to the defendant's place of business and was turned away by the same individual who accepted the documents at the initial time of service on December 13, 2012." (*Id.*). Tex R.L. did not answer or otherwise move within the time period provided by Federal Rule of Civil Procedure 12 and, on February 7, 2013, default was entered against Tex R.L. The Court granted default judgment in favor of ISPEC on September 27, 2013, in the amount of $265,456.50 in unpaid commissions and $16,155.00 in attorneys' fees. (Dkt.

No. 60). Defendant Tex R.L. has filed a Motion to Vacate Default Judgment and Dismiss Plaintiff's Amended Complaint for insufficient service of process. (Dkt. No. 66).

Plaintiff's June 2012 Complaint also named ZMPP, a Chinese company, as a Defendant. Seven months after filing the Complaint, Plaintiff had still not attempted service upon ZMPP. Plaintiff then attempted service in January 2013 and April 2013, both of which attempts were returned by the Central Authority of China as incorrectly addressed. Over a year after filing the original Complaint, Plaintiff first sought an extension of time to serve ZMPP. The Magistrate Judge directed Plaintiff to file a certification detailing all efforts made to serve ZMPP. After receiving this certification, Magistrate Judge Clark denied Plaintiff's request for an extension of time on October 1, 2013. (Dkt. No. 61). Judge Clark found that Plaintiff had not been diligent in pursuing ZMPP—waiting until January 2013 to first attempt service of the June 2012 Complaint—delaying seven months without any good cause. In light of the advanced stage of the case against the remaining Defendants, he found that any prejudice to Plaintiff was outweighed by the need for the case to move forward, noting that Plaintiff could pursue ZMPP in a separate lawsuit. Months later, Plaintiff moved to vacate Judge Clark's Order, stating that it had completed service after Judge Clark denied an extension of time to serve. (Dkt. No. 63). Plaintiff states that there is newly discovered evidence: "on October 16, 2013, Plaintiff's Summons and Complaint was served on a Defendant [ZMPP] by the Central Authority in China." (Pl.'s Notice of Mot. for Relief from J. 2, Dkt. No. 63).

## II. DISCUSSION

### a. Order Denying Extension of Time to Serve

Plaintiff seeks relief from the Court's October 1, 2013, Order "denying Plaintiff's request for additional time to serve ZMPP." Plaintiff failed to submit briefing, instead emphasizing the

words "newly discovered evidence" and "is no longer equitable" in quoting Rule 60, and further alleging that, "on October 16, 2013, Plaintiff's Summons and Complaint was served on a Defendant [ZMPP] by the Central Authority in China."

Relief from an order is governed by Federal Rule of Civil Procedure 60(b), which states:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

"Such relief is extraordinary and may be granted only upon a showing of exceptional circumstances." *Mayberry v. Maroney*, 558 F.2d 1159, 1163 (3d Cir. 1977) (internal quotation marks omitted). To vacate an order based on newly discovered evidence under Rule 60(b)(2), the newly discovered evidence must: "(1) be material and not merely cumulative, (2) could not have been discovered before trial through the exercise of reasonable diligence and (3) would probably have changed the outcome of the trial." *Compass Tech., Inc. v. Tseng Labs., Inc.*, 71 F.3d 1125, 1130 (3d Cir. 1995).

Magistrate Judge Clark denied Plaintiff's request for an extension of time to serve on October 1, 2013, after having considered and rejected Plaintiff's argument that its application for service upon ZMPP was pending with Chinese authorities. He noted that Plaintiff "believes service will occur in December, 2013" but concluded that this fact did not excuse Plaintiff's dilatory conduct because: "December, 2013 is nearly a year and a half after ZMPP was named." (Dkt. No. 61).

Magistrate Judge Clark's October 1, 2013, Order was not appealed to the District Court, nor did Plaintiff seek reconsideration of Judge Clark's Order after purportedly effecting service on October 16, 2013. Instead, months after their motion was denied, Plaintiff made the instant application to vacate Judge Clark's Order based on the fact that, "on October 16, 2013, Plaintiff's Summons and Complaint was served on a Defendant [ZMPP] by the Central Authority in China." (Pl.'s Notice of Mot. for Relief from J. 2, Dkt. No. 63). As Judge Clark's opinion makes clear, the Court was aware of Plaintiff's pending service attempt upon ZMPP. Plaintiff has failed to submit any analysis explaining how an argument already considered by the Court constitutes "new evidence."[1] *Ibarra v. W.Q.S.U. Radio Broad. Org.*, 218 F. App'x 169, 171 (3d Cir. 2007) (finding that there was "surely no abuse of discretion for the court to reject arguments that it had already considered and rejected" on a motion brought under Rule 60(b)). Moreover, Plaintiff has failed to show reasonable diligence, as required by the rule. Nor has Plaintiff provided legal argument regarding any other relief sought pursuant to Rule 60(b). Plaintiff's application is denied.

---

[1] Sanctions may be imposed upon a party that violates a Court Order. The Court considers there to be a question of whether Plaintiff's service of the Complaint after Judge Clark's Order denying Plaintiff's request to extend time for service was a violation of that Order. Because it is not clear whether Plaintiff acted upon the pending application for service after Judge Clark's Order, the Court takes no action at this time.

**b. Service of Process**

Defendant Tex R.L. seeks to vacate default judgment for improper service of the Complaint. "[T]he party asserting the validity of service bears the burden of proof on that issue." *Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993) (vacating default judgment for improper service). Federal Rule of Civil Procedure 4(h)(2) governs service of process upon a foreign company. Service is proper "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Rule 4(f) states:

> (f) Serving an Individual in a Foreign Country. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:
>
> > (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
> >
> > (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
> >
> > > (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
> > >
> > > (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
> > >
> > > (C) unless prohibited by the foreign country's law, by:
> > >
> > > > (i) delivering a copy of the summons and of the complaint to the individual personally; or
> > > >
> > > > (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
> >
> > (3) by other means not prohibited by international agreement, as the court orders.

Plaintiff asserts that it effected service of the Complaint: by personally serving an individual at Defendant's corporate address in Taiwan; by email to Defendant's counsel; and by a package delivered via FedEx.  Plaintiff contends that service is proper under all subsections of Rule 4. Subsection (1) is not applicable because the parties agree that Taiwan is not a signatory to the Hague Convention (Pl.'s Opp'n to Def.'s Mot. to Vacate 5, Dkt. No. 67), nor has Plaintiff identified any internationally agreed means of service to which Taiwan is bound.  Subsection (3) is inapplicable because it requires service "as the court orders," and Plaintiff has not identified any Court order authorizing such service. *Brockmeyer v. May*, 383 F.3d 798, 806 (9th Cir. 2004) (finding that service pursuant to subsection (f)(3) requires a prior court order); *Klein v. United States*, 278 F.R.D. 94, 97 (W.D.N.Y. 2011) (same).

Plaintiff's argument that Defendant was properly served pursuant to subsection (2)(C)(i) and (ii) is similarly flawed.  Plaintiff cannot properly perfect service upon a foreign corporation under Rule 4(f)(2)(C)(i) because the Rule expressly excludes service under that subsection: serving a foreign corporation is proper by "any manner prescribed by Rule 4(f) . . . except personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2). Subsection (2)(C)(ii) permits service by "using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt," unless "prohibited by the foreign country's law."  This provision requires that the Clerk of the Court address and send the form of mail.  Plaintiff makes no allegation that it applied to the Clerk of the Court to have the Clerk address and send a form of mail requiring a signed receipt. *O'Donnell v. Shalayev*, Civ. No. 01-4721, 2004 WL 2958698, at *7 (D.N.J. Dec. 22, 2004) ("Under Rule 4(f)(2)(C)(ii), service by mail to a foreign defendant is improper if addressed and dispatched by the plaintiff rather than by the clerk of the court."); *see also* Fed. R. Civ. P. 4(i)(1)(D) advisory committee's note ("Since the reliability of postal service

7

may vary from country to country, service by mail is proper only when it is addressed to the party to be served and a form of mail requiring a signed receipt is used. An additional safeguard is provided by the requirement that the mailing be attended to by the clerk of the court.") (regarding the pre-1993 predecessor rule to subsection 4(f)(2)(C)(ii)).

Finally, Plaintiff argues that it properly effected service under subsection (f)(2)(A), which requires "a method that is reasonably calculated to give notice . . . as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction." Fed. R. Civ. P. 4(f)(2)(A). To comply with subsection 4(f)(2)(A), "the relevant foreign jurisdiction must authorize service of process originating in jurisdictions foreign to it and that service must be made in compliance with the foreign jurisdiction's procedures." *Grand Entm't Grp.*, 988 F.2d at 487 (construing the predecessor rule 4(i)); *see also Trueposition, Inc. v. Sunon*, *Inc*., Civ. No. 05-3023, 2006 WL 1686635, at *5 (E.D. Pa. June 14, 2006) (contrasting service under subsection (f)(2)(A)—which requires following the law for service "as prescribed by the foreign country"—with service under subsection (f)(2)(C)(ii), which permits any service not "prohibited by the foreign country" if mailed by the clerk of the court).

Under Taiwanese law, service of process is governed by Article 123 of the Taiwanese Code of Civil Procedure: "[e]xcept as otherwise provided, service of process will be administered by the court clerk on his/her own authority."  Plaintiff makes no argument that it submitted an application to the court clerk of Taiwan regarding service.  Plaintiff's attempts at service—via self-address FedEx, email, and personal delivery upon an employee—are insufficient under Taiwanese law and thus do not meet Federal Rule of Civil Procedure

4(f)(2)(A).[2] *See Emery v. Wood Industries, Inc.*, 49 Fed. R. Serv. 3d 41 (D.N.H. 2001) ("service upon a corporate defendant by hand-delivering a copy of the complaint and summons to a corporate employee is not 'prescribed by the law' of Taiwan, and Emery cannot rely on the provisions of paragraph (f)(2)(A)."); *Fujitsu Ltd. v. Belkin Int'l, Inc.*, 782 F. Supp. 2d 868, 875 (N.D. Cal. 2011) ("having a local Taiwanese attorney hand-deliver the complaint, summons, and other required documents to the headquarters . . . [and] obtain[ing] an employee receipt signature. . . does not comply with Taiwanese law because the court clerk of Taiwan did not administer service of process."); *Emine Tech. Co., Ltd. v. Aten Int'l Co., Ltd.*, Civ. No. 08-3122, 2008 WL 5000526, at *5 (N.D. Cal. Nov. 21, 2008) (rejecting service upon Taiwanese corporation where the "personal service attempted [upon an employee] was nonetheless insufficient because the Taiwanese Code explicitly requires the court clerk to administer service of process, 'except as otherwise provided.'").

Plaintiff's service upon Tex R.L. was improper; therefore, Defendant's Motion to Vacate Default Judgment is granted. *See Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir.

---

[2] In response, Plaintiff argues that the internal laws of a foreign country are irrelevant to serving process under *Eli Lilly v. Roussel Corp.*, 23 F. Supp. 2d 460, 473 (D.N.J. 1998); and that sending a summons and complaint via direct mail is sufficient to effect service under *OS Recovery, Inc. v. One Groupe Int'l, Inc.*, Civ. No. 02-8993, 2005 WL 1744986, at *1 (S.D.N.Y. July 26, 2005). At issue in these cases were different subsections of the statute than the subsection at issue here. *Eli Lilly* involved service upon a corporation in a country that was a signatory to the Hague Convention under Rule 4(f)(1), whereas the parties here agree that Taiwan is not a signatory to the Convention. *OS Recovery* involved service made pursuant to Rule 4(f)(2)(C)(ii), requiring dispatch of service by the clerk of the court, which Plaintiff does not assert occurred here. *See O'Donnell*, 2004 WL 2958698, at *7. Finally, Plaintiff argues that the U.S. State Department website permits service upon an agent. Although the website states that service in Taiwan may be effected by agent, it notes that "Taiwan may not consider service by . . . agent acceptable." Analyzing this same language, one Court found that the above-quoted disclaimer is a "clear textual indication[] that the U.S. State Department's guidance does not constitute authority establishing that anyone other than the court clerk is permitted to carry out service in Taiwanese courts governed by Taiwanese law." *Fujitsu Ltd. v. Belkin Int'l, Inc.*, 782 F. Supp. 2d 868, 878 (N.D. Cal. 2011). This Court agrees.

9

1985) ("[B]ecause there is no evidence that the complaint was properly served, the default and the default judgment were improperly entered."). For the same reason, the Court quashes service. *See Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992). Plaintiff's motion for future costs incurred in serving Tex R.L. is denied because Tex R.L. is not "located within the United States." Fed. R. Civ. P. 4(d) ("If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant . . . the expenses later incurred in making service."); *Hoffman La Roche, Inc. v. Invamed, Inc.*, 183 F.R.D. 157, 159 (D.N.J. 1998) ("It is clear from the language of Rule 4(d) that its application is preconditioned upon both plaintiff and defendant being located in the United States.").

### III. CONCLUSION & ORDER

**IT IS**, this 20th day of August, 2014, hereby

**ORDERED** that Plaintiff's Motion to Vacate the Court's October 1, 2013, Order (Dkt. No. 63) is **DENIED**; and it is further

**ORDERED** that Defendant Tex R.L. Industrial's Motion to Vacate Default Judgment and Dismiss the Complaint (Dkt. No. 66) is **GRANTED-IN-PART**; and it is further

**ORDERED** that Default Judgment against Tex R.L. Industrial is **VACATED**; and it us further

**ORDERED** that service of process upon Defendant Tex R.L. Industrial is **QUASHED**; and it is further

**ORDERED** that Plaintiff's application for costs is **DENIED**.

        **IT IS SO ORDERED**


        **/s/ Faith S. Hochberg_____**
        **Hon. Faith S. Hochberg, U.S.D.J.**