NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ISPEC, INC., | : | |
| *Plaintiff*, | : | Civil Action No. 12-4339 |
| v. | : | OPINION |
| TEX R.L. INDUSTRIAL, INC., et al., | : | |
| *Defendants*. | : | |

ARLEO, UNITED STATES DISTRICT JUDGE

This matter comes before the Court on Plaintiff ISPEC, Inc.'s ("Plaintiff") Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). For the reasons set forth herein, the motion is **GRANTED**.

**I.  BACKGROUND**

Plaintiff is a New Jersey corporation. Dkt. No. 30, Am. Compl. ¶ 4. Defendant Tex R.L. Industrial Co., Ltd ("Tex R.L.") is a Taiwanese corporation which designs, produces, and exports packages for perfume and make-up products worldwide. Id. ¶ 26. Tex R.L. and Plaintiff signed and executed a contract in New Jersey on April 21, 2009, which enabled Plaintiff to act as a sales representative for Tex R.L.'s products.[1] Id. ¶¶ 24, 27. Plaintiff had twenty-eight customers of its own before January 2009. Id. ¶ 28. As part of the contract, Tex R.L. agreed to "indefinitely and permanently" pay Plaintiff 8% of the total purchase price of any purchase from Tex R.L. by

---

[1] The contract, and other allegations concerning Tex R.L., also include other defendants which have been settled out of this case ("Albea Defendants"). Because those defendants are no longer involved, the Court does not discuss them now.

Plaintiff's existing customers. Id. ¶ 29. Plaintiff and Tex R.L. agreed to different commission rates (3% and 5%) for two special projects. Id. ¶ 30. Plaintiff received payment for its commissions earned up to and including February 2012, but commissions following that date have not been paid. Id. ¶ 33. On April 19, 2012, Plaintiff received a letter requesting termination of the contract and Plaintiff and Tex R.L.'s sales relationship. Id. ¶ 34. Plaintiff has moved for and obtained entry of default against Tex R.L. It now seeks default judgment.

## II.     STANDARD OF REVIEW

"The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred." Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp., 596 F. Supp. 2d 842, 847 (D.N.J. 2008). Before entering default judgment the court must: (1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages. See Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008); Wilmington Savings Fund Soc., FSB v. Left Field Props., LLC, No. 10-4061, 2011 WL 2470672, at *1 (D.N.J. June 20, 2011). Although the facts pled in the Complaint are accepted as true for the purpose of determining liability, the plaintiff must prove damages. See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

Additionally, prior to granting default judgment, the Court must make explicit factual findings as to: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default. Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008).

### III. ANALYSIS

#### A. Jurisdiction & Service

The Court concludes it has both subject matter jurisdiction over this dispute and personal jurisdiction over Tex R.L. First, the Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(2). See Ramada Worldwide Inc. v. Courtney Hotels USA, LLC, No. 11-896, 2012 WL 924385, at *3 (D.N.J. Mar. 19, 2012). Plaintiff has also provided the Court with proof of service as to Tex R.L. After having the Clerk of the Court send letters rogatory to Taiwan requesting international judicial assistance in service, Plaintiff then had the Clerk of the Court send mail via Fed-Ex which required a signed receipt. Dkt. No. 87, Kim Cert. ¶¶ 1-2. This satisfies the service requirements of Federal Rules of Civil Procedure 4(h) and 4(f)(2)(C)(ii), specifically, "unless prohibited by the foreign country's law by . . . using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt . . . ." Plaintiff has provided a sworn certification indicating that both the U.S. Department of State and the Taiwan Central Authority indicated that service via mail with required signature is not prohibited in Taiwan. Dkt. No. 88, Kim Aff. ¶ 4. Plaintiff has therefore satisfied the service requirements of the Federal Rules.

#### B. Liability

The Court concludes Plaintiff has pled at least a breach of contract claim against the Tex R.L. Plaintiff has pled the existence of a contractual relationship, Dkt. No. 30, Am. Compl. ¶¶ 26-27, that Tex R.L. breached the contract by failing to pay commissions as required, id. ¶ 41, and resulting damages. See id. at 11-12.

Plaintiff has also pled violation of the New Jersey Sales Representatives' Rights Act, N.J.S.A. § 2A:61A-1 et. seq. The New Jersey Sales Representatives' Rights Act requires that, for "contracts[s] between a principal and a sales representative . . . , the commissions and other

3

compensation earned as a result of the representative relationship and unpaid shall become due and payable within 30 days . . . ." N.J.S.A. § 2A:61A-2. Failure to pay a sales representative their commission when due renders the principal "liable to the sales representative for all amounts due the sales representative, exemplary damages in an amount three times the amount of commissions owed to the sales representative and all attorney's fees actually and reasonably incurred by the sales representative in the action and court costs." N.J.S.A. § 2A:61A-3.

Here, Plaintiff pled that it entered into a contract as a sales representative and is owed $88,485.50 in commissions that went unpaid by Tex R.L., the principal. This is sufficient to plead a violation of N.J.S.A. § 2A:61A-2.

### C. Appropriateness of Default Judgment

Next, the Court must consider: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default. Doug Brady, 250 F.R.D. at 177. The Court concludes that in the absence of any responsive pleading and based upon the facts alleged in the Complaint, Tex R.L. does not have a meritorious defense. See Ramada, 2012 WL 924385, at *5. Second, the Court finds that Plaintiff will suffer prejudice absent entry of default judgment as Plaintiff will have no other means of obtaining relief. Finally, the Court finds Tex R.L. acted culpably as it has been served with the Amended Complaint, is not an infant or otherwise incompetent, and is not presently engaged in military service. See Super 8, 2014 WL 4388697, at *2; see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 F. App'x 519, 523 (3d Cir. 2006) (holding that a defendant's failure to respond to communications from the plaintiff and the court can constitute culpability).

### D. Monetary Damages

4

Plaintiff first seeks $265,456.50 in unpaid commissions ($88,485.50 multiplied by three pursuant to N.J.S.A. § 2A:61A-3(a)) under the sales contract. Plaintiff has provided sufficient evidence of these damages through an affidavit from Plaintiff's CEO and an invoice from Plaintiff dated March 7, 2013. See Dkt. No. 89, Lee Aff. Ex B-1.

Plaintiff also seeks $974,495.20 in future lost profits. To prove these damages, Plaintiff provides its commission profits from the last four years. See Dkt. No. 89-3, Lee Aff. Ex B-2. Averaging these yields $97,449.52 per year, which Plaintiff multiplies by ten to account for the future life of the contract. The Court finds that Plaintiff has provided sufficient evidence of these damages.

Finally, Plaintiff seeks attorneys' fees and costs. Violations of New Jersey Sales Representatives Act render the violator liable for attorneys' fees and costs. N.J.S.A. § 2A:61A-3. Plaintiff has provided the Court with sufficient proof of $14,245.06 in attorneys' fees, Dkt. No. 89-3, Lee Aff. Ex B. But only $2,854.06 of the attorneys' fees identified are facially attributable to the action against Tex R.L., as opposed to the Albea Defendants.[2] Id. Ex. B-3. Plaintiff has also proven $3,825 in costs attributable to the action against Tex R.L. Id. Thus, Plaintiff has proven $6,679.06 of attorneys' fees and costs.

Based upon the foregoing, judgment shall be entered against Tex R.L. for: (1) $265,456.50 in unpaid commissions; (2) $974,495.20 in future lost profits; and (3) $6,679.06 in attorneys' fees and costs.

---

[2] Plaintiff's affidavits do not identify what portion of the fees and costs are attributable to Tex R.L., as opposed to the Albea Defendants. The Court therefore only awards those fees and costs which the exhibits clearly attribute only to Tex R.L. See id. Ex. B-3 ($1,954.06 in attorney's fees after Albea Defendants dismissed and $900 for "Motion for default judgment Tex RL"); id. Ex B-4 ($3,825 of service costs).

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion for final judgment by default is **GRANTED.** An appropriate order accompanies this opinion.

Date: August 3, 2015

/s/ *Madeline Cox Arleo*
**Hon. Madeline Cox Arleo**
UNITED STATES DISTRICT JUDGE